UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VON SCOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:23-cv-00203-LEW |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
|     Defendant. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

In this action, Plaintiff Von Scott, claiming to be a successor-in-interest by deed of the previous title holder of a certain parcel of land in Otisfield, seeks the invalidation of a state court foreclosure judgment against his predecessor-in-interest. Defendant JPMorgan Chase Bank removed the action to this court based on the diversity jurisdiction statute, 28 U.S.C. § 1332.

The matter is before the court on Defendant's objection to Magistrate Judge Karen Wolf's recommended decision on Plaintiff's motion to remand. Judge Wolf recommends that the court grant the motion to remand for lack of federal court subject matter jurisdiction based on the *Rooker-Feldman* doctrine. Recommended Decision (ECF No. 22). Citing *Lance v. Dennis*, 546 U.S. 459 (2006), Defendant argues that remand would be erroneous because *Rooker-Feldman* does not apply unless the party challenging the prior state court judgment was a party to the judgment. Obj. at 1, 4 (ECF No. 23). Defendant proposes, instead, that the court exercise jurisdiction and, in so doing, dismiss Plaintiff's action with

prejudice because he has no right under Maine law to proceed as a successor to a party whose right, title, and interest was validly foreclosed by the state court. *Id.* at 5–6; *see also* Def.'s Mot. to Dismiss (ECF No. 6).

I have reviewed and considered the recommended decision, together with the entire record and have made a *de novo* determination of all matters adjudicated by the recommended decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the recommended decision.

As to Defendant's reliance on *Lance*, I do not in this case apply the *Rooker-Feldman* doctrine as a rule of preclusion. Rather, I merely honor the principle that the relief requested by Plaintiff—invalidation or nullification of a prior state court judgment[1]—is not something this court is empowered to provide. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923) ("If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. . . . Under the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment . . . .").[2] I recognize the Supreme Court's holding that *Rooker-Feldman* "does not bar actions by nonparties to the earlier state-court judgment *simply* because, for purposes of

---

[1] *See* Compl. ¶20 (ECF No. 1-15) ("I pray this honorable court find that there was never the genuine mortgage with the genuine endorsements on it, finding the [state] foreclosure proceeding aforementioned is void.").

[2] This case is unlike *Girouard v. Wells Fargo*, in which the First Circuit held that I erroneously remanded a case to state court in which the plaintiffs, the winners in a state-court foreclosure action, brought a follow-on action requesting supplemental relief based on the prior judgment. *Girouard v. Wells Fargo Bank, N.A.*, 2022 WL 4592893, at *1 (1st Cir. Mar. 4, 2022). Here, the plaintiff does not request supplemental relief based on a prior judgment, but rather requests invalidation of a prior state court judgment.

preclusion law, they could be considered in privity with a party to the judgment." *Lance*, 546 U.S. at 466 (emphasis added); *see also Decoulos v. Town of Aquinnah*, No. 17-CV-11532-ADB, 2018 WL 3553351, at *9 (D. Mass. July 24, 2018) ("The Supreme Court has suggested, however, that there may be circumstances in which *Rooker-Feldman* applies against a party that was not precisely named in the state court proceeding, such as 'where an estate takes a *de facto* appeal in a district court of an earlier state decision involving the decedent.'" (quoting *Lance*, 546 U.S. at 466 n.2.)), *aff'd*, No. 18-1820, 2019 WL 11234357 (1st Cir. Dec. 10, 2019).  However, here, Plaintiff quite plainly seeks to have the state court's judgment declared null and void, a circumstance not present in either *Lance* or *Johnson v. De Grandy*, 512 U.S. 997 (1994).  *See Johnson*, 512 U.S. at 1005–06 (rejecting application of *Rooker-Feldman* where the United States, as plaintiff, was *neither* a party to the prior state court judgment who might have appealed *nor* directly attacking the state court judgment and citing, *inter alia*, *Rooker*, 263 U.S. at 414 (seeking to have state court's judgment declared null and void)); *see also Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 19 (1st Cir. 2009) (rejecting the application of *Rooker-Feldman* when the appellant was not a party to prior state court litigation *and* the appellant was "not attacking the state court judgment," but rather "simply seeking to raise a challenge to the same exemption previously upheld" in a prior case), *abrogated on other grounds by Levin v. Com. Energy, Inc.*, 560 U.S. 413 (2010).  Accordingly, I conclude that the application of the *Rooker-Feldman* doctrine is appropriate.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  The case is **REMANDED** to the state court.  Defendant's Motion

to Dismiss (ECF No. 6) and Wilmington Savings Fund Society's Motion to Intervene (ECF No. 14) are deferred for the state court's consideration.

    SO ORDERED.

    Dated this 1st day of May, 2024.

                                               /s/ Lance E. Walker
                                               Chief U.S. District Judge